Good morning and may it please the court. My name is Christopher Clark and I represent petitioner Jose Ruiz-Vidal. Mr. Ruiz-Vidal is a non-resident alien from Mexico who has lawfully resided in the United States for nearly 40 years. Mr. Ruiz-Vidal was before this court previously in 2007 on a virtually identical immigration petition and this court found in favor of Mr. Ruiz-Vidal's petition in the current case presents the question of whether the Board of Immigration Appeals committed virtually the same error as it did the last time Mr. Ruiz-Vidal was before this court, namely whether Mr. Ruiz-Vidal is removable as an alien convicted of a law relating to a Do not establish that Mr. Ruiz-Vidal was convicted for possessing a substance listed in the Control of Substances Act. The Board's decision in this case is wrong and Mr. Ruiz-Vidal's petition should be granted for the following two reasons. First, this court settled precedent applying the modified categorical approach including its 2007 published opinion resolving Mr. Ruiz-Vidal's first petition to this court holds that only a limited set of judicially noticeable documents may be considered in determining whether Mr. Ruiz-Vidal's conviction is a predicate for removal. The government has failed to carry its heavy burden of proving the facts supporting removal by clear and convincing evidence using only the narrow set of documents that are part of Mr. Ruiz-Vidal's record of that Mr. Ruiz-Vidal pled no low contender to an offense involving any specific controlled substance. Second, Mr. Ruiz-Vidal carefully structured his no contender plea and in doing so relied on his prior experience in this court and this court's prior published decision in his favor. Mr. Ruiz-Vidal is entitled to receive the benefits of the bargain he struck with the What do you mean he carefully structured? He consulted with his counsel. He was aware that there would be potential immigration consequences of any plea to an offense in the California court and in structuring his plea he took great care to make sure that the record of conviction did not reference any specific controlled substance. But he pled to what was called a lesser included. The plea colloquy does reference a lesser included offense to section 11379 but critically in our view that transcript does not reference methamphetamine in any place. That transcript correctly but the lesser included the greater crime that he's pleading to did specify the offense. Did in fact specify the substance. So could you have a lesser included when you're charged with meth is possession of some substance that's not meth a lesser included? I would respectfully submit yes, Your Honor. How can that be? Well, I think, Your Honor, the government's reasoning stops by saying a lesser included for possession under 77 for possession of methamphetamine. That is in fact a lesser included offense. So too is possession of an unspecified substance. It could have been many other things as well. We don't know and the record. How can it be an unspecified substance if the charge is methamphetamine? I think the answer would be different, Your Honor, if the charging document referenced section 77 and methamphetamine. Here, Mr. Ruiz-Vidal did not plead to any. And what does the charging document? The charging document only asserts two counts, one under 79 and one under 78. This is the information? It is the information. Okay. It's at the paragraph one says control substance two with methamphetamine. This is at the very page one at the very bottom, right? Correct. Okay. So that's so the preamble. Where are you looking at? So I'm on. Methamphetamine is all over the thing. Excess methamphetamine, excess methamphetamine clause. In the information at page 160 of the record. Yes, Your Honor. What page of the information? It is I'm looking at page one of the information. It's the very last word. Methamphetamine. Correct. It's on page one. It's on page two, three times. I agree that this information contains the word methamphetamine in several places. But as a matter of law, this information was extinguished because he did not plead guilty or not a contender to anything in this information. He pled guilty to an uncharged separate offense. A lesser included. And this all appears to turn on whether less and less, that's not easy for me to say, lesser included imports the drug specification of methamphetamine. You're saying no. The government's obviously saying yes. Why should we choose your road as opposed to the government's road? Because my road is supported by several Ninth Circuit opinions and their road is supported by none. And let me explain why. The first case I would call to the court's attention is a case in which Judge Reinhart participated, Tangonen v. Holder. It's cited in our briefs. And here, this court granted a petition for a decision, and it said, quote, the indictment is of no value in determining judicially noticeable facts where the alien's generic conviction was for a, quote, lesser included offense not charged in the indictment, unquote. That is this case. My client pled to section 77. Section 77 is nowhere charged in the information. Had it been charged in the information, the court continued in Tangonen that the court rejected the government's contention that, quote, reference to the original three-count indictment should suffice, quote, in establishing the alien's conviction, and that the government failed to satisfy its, quote, burden to show by clear and convincing evidence that the petitioner had been convicted of the predicate offense, end quote. I'd also call to the court's attention the case of Martinez-Perez v. Gonzales, which we cite. And there, this court granted a petition for review where the alien defendant pled guilty to an offense different from the one charged in the information, and therefore the facts alleged in the information could not be used to establish the defendant's conduct. Which case was this again? It's the Martinez-Perez case, Your Honor. This court is not alone in reaching that conclusion. In fact, the Fifth Circuit has reached the exact same conclusion. We cite that case, United States v. Cabrera. And a quote from that case in 2012 in the Fifth Circuit, it says, quote, it makes no difference that the alien defendant was convicted of a lesser-included offense. Unless a defendant is re-indicted on the pled to crime or the original indictment specifies the relevant lesser-included offense, courts may not rely on the indictment's factual allegations. I have to apologize. I haven't found either of the last two cases in the table of authorities.  Okay. Too many briefs in this case. I haven't gotten to that one yet. I will just direct its docket entry number 40, and they're cited on pages 6 and 7 of the supplemental briefs. Thank you. Critically, in our reply brief, we highlighted the fact that the government had cited no such case. And I can tell you from having done this research, I am aware of no other case where a court has sustained a BIA decision where the defendant pled to a lesser-included offense that was nowhere charged in the information. I'll also just note for the Court that the BIA itself, in a 2012 decision Well, I'm looking at Martinez-Perez, which you cite on footnote 6. It says there they charge a guarantee petition for a viewer alien that pled guilty to an offense different from the one charged in the information. Was that a case involving a lesser-included offense, the one charged in the information? I'm sorry, which case were you referencing? Martinez-Perez. It's on footnote 6, page 7 of your supplemental brief. Certainly. If you just give me one moment, I can... I believe the answer is yes, Your Honor. In Martinez-Perez, the defendant was charged with... Well, I can do one better, and I will read from page 1029 of the Martinez-Perez decision, which says, Martinez pled guilty to an offense different from the one charged in the information. I know, that's what your parenthetical says. Did you hear my question? Was this a case where they pled guilty to a lesser-included offense to that charge in the information? Yes? No, I don't know. I'm not sure, Your Honor. Yes, I don't know. I don't know, but I can find out, and I'd be happy to submit that to the court. The answer is you don't know. I don't know. So you cite this case, which is only relevant if it is, in fact, a lesser-included offense. I mean, the issue here is, he doesn't just plead guilty to a disconnected offense, something else altogether. He's quite specific about it. He says that this is something that's a lesser-included offense of the same that's charged, and that's the issue we have. You cite the case. You cite the case for a proposition that is tantalizingly close, but not really on point. And then when I ask you the question that matters about whether the case, in fact, stands for the proposition that matters, you don't know. I don't know, Your Honor, but I know Tangonin was a lesser-included offense, and that was issued by this court. In fact, Tangonin actually uses the phrase lesser-included offense and says the conviction was for a lesser-included offense, not charged in the indictment. Therefore, the indictment is of no value in determining the judicially noticeable facts. And that's the Tangonin case at page 399. Oh, that's an unpublished decision? Yes, it's a memorandum opinion. So why are you citing it? For its persuasive value. Well, just to let you know, unpublished decisions are not persuasive to me at all. Okay. So you don't really have a case? No, I think I have closer cases than the government has, because they don't have one. So logically, if we don't have binding precedent to speak to us, logically, why shouldn't we have a lesser-included plea when the greater offense specifies meth? Why should we consider the possibility to be realistic that it was actually a different substance? I would respectfully submit, Your Honor, that the Supreme Court in DeKalb has made clear that that analysis is not one that this Court should engage in, because that would turn the modified categorical approach into a modified factual approach. Sitting here, we take the record of conviction from the California court at face value for what it says, and it's not, I would respectfully submit, the province of this court to try to find out what the defendant actually did or may have done or might do in the future. Here, what we're focused with is, what does the record of conviction before us say? And here, my client pled nolo contender to an uncharged offense with a crime that did not specify a specific controlled substance. Tangonin doesn't help you anyway. I'm sorry, Your Honor? Tangonin doesn't help you anyway. Tangonin deals with a situation where there are five subsections. It's not clear which one you pled to, and most of them don't involve sexual relations with a minor. Here, we have a lesser-included offense where the main offense, the offense charged, specifies methamphetamine. And it gets back to Judge Clifton's questions. How can you have a lesser-included offense when the offense charged is methamphetamine that doesn't itself include methamphetamine? You haven't answered that question. I think the answer is that the plea deal that my client struck with the California state prosecutor was that he would give up his valuable rights and plead guilty to possession of an uncontrolled substance. And that's what he pled guilty to. Well, but he can't. If it's a lesser-included offense of a charge that has methamphetamine, he can't say, well, you know, I'm sort of pleading guilty to some unspecified substance. It's a lesser-included offense of a crime involving. Now, it could be something that doesn't involve transportation or sale or anything like that. You can't get away from it if it involves methamphetamine because that's what the section is all about. Your Honor, I see that my time has expired. I would just ask for permission to answer the Court's question. Go ahead. I think, Your Honor, the answer is that would rewrite the bargain between my client and the prosecutor. I think that although. That's a state prosecutor. We don't really care about that bargain. I mean, it's not like you made a bargain with federal authorities. You know, if you have a beef with a state prosecutor, you can go to state court and try to resolve that. But it's none of our concern. I agree, Your Honor. But I think that the Supreme Court in St. Cyr and in De Camp has very clearly said that in reviewing records of conviction at the circuit court level, that there is a concern that the benefit of the bargain between a defendant who gives up valuable rights needs to be respected and that we're not going to engage in a searching review to find out the facts that may have occurred. But we're going to rely on the face of the record of conviction by itself. Yeah, I just don't see where there's any doubt. Okay, we'll hear from the government. Thank you, Your Honor. Good morning, Your Honors, and may it please the Court. Michael Heiss on behalf of the Respondent, the Attorney General of the United States. Clear and convincing evidence establishes that Ruiz-Fidal is removable for possessing methamphetamine. The government's burden in this case is not to prove his removability beyond all doubt or even beyond a reasonable doubt. It's by clear and convincing evidence. The parties here agree, and again, my opposing counsel has conceded as he has previously that the modified categorical approach applies. He's also conceded that the 11-377 charge is a lesser included to 11-379. So this is really a narrow case. It's whether or not his plea colloquy, which we have here, we have an actual plea colloquy this time, where he concedes that he's pleading to violating 11-377 as a lesser included offense to 11-379 and count one of information against him plainly states methamphetamine, as this Court noted. What does 11-379, what is the statutory offense? That, I believe, is transportation of transportation, importation, sale, furnishing, administering, essentially drug trafficking. So possession is... And that could be any controlled substance or a number of controlled substances that are not included within the federal offense. Yes, the parties don't disagree that the California... But the offense is not methamphetamine. The statutory offense is any number of drugs. Yes, but for a prosecutor to establish that crime or that the defendant committed that crime, he has to prove the substance involved. That is an element of the crime. Yes, but it would not have to be, it would be a crime if it were a lesser offense in the sense of the federal statute. It did not have to be a controlled substance for federal purposes. No. Which is why the modified categorical... So it's a lesser offense, even if it doesn't, if it includes something lesser than methamphetamine. Includes something? I'm not sure I understand Your Honor's question. Well, it would be a lesser offense... A lesser federal offense? No, a lesser state offense. 11-379 would be. No, 11-377 would be lesser than 11-379. Always, yes. It's always, but whether it was a lesser substance as well. Well, it's a question of whether or not it's a lesser substance is something of a... I don't want to say red herring. Statutory offense. A statutory offense would be lesser under 11-377, even if it were a different drug. The sentence that applies? No, no, not the sentence. The crime, the offense, is a lesser offense if it doesn't include methamphetamine, but say toothpaste or whatever. Well, if toothpaste were a controlled substance, that would be interesting. That's right. It could be any lesser, any controlled substance that was not covered by the federal statute would be a lesser offense than 11-379 or whatever. Right. If the record were silent as to the substance involved here, we wouldn't be here. No, I'm not asking you if this or if that. What I'm saying is a 11-377 or 773, whatever it is, the one he pled to, would be a lesser offense if the substance were changed. That depends on the facts of the case. Why does it? Under the statute. Well, maybe this will help. The statute will help, but just the answer to the question. I can try. Under United States v. Hernandez, possession of drugs is always a lesser included offense to drug trafficking charges. Yes. The question then becomes whether or not the substance involved is one that renders him removable for immigration purposes. Right. So it is always a lesser included offense. I'm not sure if what I'm hearing you're asking is that whether the substance involved makes one. Suppose cocaine were not a prescribed substance for federal law. Schedule, whatever the schedule is, 1, 2, 5, 10. All right. We have some that are violations under California law but are not scheduled drugs for the. Okay. Correct. Now, if you violate the California statute, whatever the violation is for transportation, and you then do the same thing and put methamphetamine in the lesser offense, then he would still be subject to deportation because of the methamphetamine. Correct. If you said possession of methamphetamine, which would be a lesser offense, that would clearly be a lesser offense, and because you put methamphetamine in. But if you just say you only possess it and you don't say what drug, why is that not a lesser offense under the statute? Under the California statute, it's a lesser offense whatever the drug. That's what this Court held in the prior case. This petitioner's prior case, Ruiz Vidal, there's the disconnect between the information as charged in that case and his plea to violating 11-377. Yes, that was a lesser-included offense, but there was nothing in the record applying the modified categorical approach that the Court could look to to say he is pleading to 11-377 as a lesser-included offense to 11-378 or 11-379. So that's the fundamental distinction between these two cases. Well, suppose in this case he pleads to what is by definition a lesser-included offense, but he's also saying, you know, it wasn't methamphetamine. It was, and I just looked at the prior case because I have no idea what any of those substances are, there's something called apomorphine identified in the previous case as not being on the federal schedule and it is covered by the state statute. Well, why don't we consider the possibility that he's saying he cops a plea as people cop a plea, but he's also saying, you know, and it wasn't meth. So, yeah, I'm guilty, but I'm not guilty of meth and I plead guilty to a lesser-included, but there's nothing that makes it completely clear that the lesser-included is meth as opposed to this apomorphine. Well, this Court's precedent, and I dispute opposing counsel's suggestion that we have no cases that support our position. This Court has consistently held that where the information can be linked to the plea, there's a case such as Pagayan. I'm going to mispronounce the name. Mialuzic. Mialuzic. The Court's order didn't specify the drug specified, but the rest of the record, which was able to be linked. Where was the rest of the record that could be linked? I'm sorry? What do you mean the rest of the record could be linked? Where was the rest of the record? We have his plea. Administrative record, page 170, he's asked, sir, to the lesser-included of count one, a violation of California Health and Safety Code 11377A, what is your plea? No contest. So there's a direct link between what he's pleading... Well, I guess I have to read the case. That doesn't answer where it says... Does it say there if the original charge is methamphetamine and he pleads to a lesser charge without saying methamphetamine? Is that what that case says? No. As Your Honor suggested earlier, there is no precise case saying one way or the other. Opposing counsel suggested that Tagonan, as Your Honor noted, is an unpublished case, but also Martinez-Perez. I was able to pull that case up. In that case, the defendant was charged under California Penal Code Section 211 with second-degree robbery and pled to violating California Penal Code 487C for grand theft. But again, in that case, I'll note this Court's decision at 1028 and 1029. Here, the administrative record does not contain any plea agreement, if there was one, or a transcript of Martinez's plea proceedings. Rather, the record contains only the information charging Martinez with second-degree robbery and the minute order that memorializes a probation violation hearing as well as the abstract of judgment stating that he pled guilty to a violation of 487C. So we don't have that link that we have here. Okay, so you're relying on something in the abstract of judgment. Are you relying on that here? What I'm relying on here is his plea statement during plea colloquy that he was pleading no contest to a lesser-included violation as stated in Count 1. That we clearly all know. Right. Well, that's the link that was missing from the prior case. I don't understand how that helps you. Why isn't it a lesser-included offense to say, yes, I plead to possession of whatever the judge questions? Apomorphine. Apomorphine. I don't know that I'm pronouncing that right either. It's because I want to plead guilty to possession of a drug, but I don't want to plead guilty to... What is it here? Methamphetamine. Methamphetamine. I don't want to plead guilty to methamphetamine. Why do you say that's not... You do say that's not a lesser-included offense. We... The parties agree that violating 11377 for possession of any California drug is a lesser-included offense. And that's how he pleaded. He pleaded to violating 11377 as a lesser-included offense to the Count 1 of the complaint. That's the plea colloquy. And the statute that he pleaded to doesn't require that it be any particular drug. It does require for a prosecutor to bring a prosecution under that statute. It does require that the prosecutor establish that the substance wasn't... The particular substance involved, that's people versus morales. Yeah. Is there any California law on the question of whether the charging document specifies one drug on the California schedule and the proof at trial is to another drug also on the California schedule? Is that a defect that would prevent conviction? The cases I looked at on that point were dealing with charges where the individual was under the influence. I didn't see a possession case where it made a difference. Does it make a difference under the influence? Well, I believe the court actually excused proof of the substance involved, but only because it would be perhaps difficult to ascertain what it was. See, I'm struggling here because my sense of this case, and it's sort of been confirmed by our discussion this morning, we're not bound by anything that speaks to the precise question. And so we're looking here at the question of how do we treat a plea colloquy that does make express reference to a count that specifies meth but doesn't constitute a plea to that count, constitutes a plea to a lesser included. And that's all that's said. And we all understand that lesser included is automatic with regard to possession underneath sale, so it doesn't matter what the substance is necessarily. It's arguably lesser included. When I pose that question in a broad, okay, why do we pick your road instead of the other road? The principal answer given by appellant was look at Descamps or however you pronounce that, which says, you know, we're just not going to go down that. If it's not, if it doesn't jump up and bite you from the documents, we're not supposed to probe underneath. Does that tell us we shouldn't probe underneath and calculate the likelihood that it was meth just because the charge which he didn't plead to was meth? The critical point here is what is the government's burden of proof in removal proceedings? There's a pending en banc case that I hesitated to provide supplemental citation to prior to us coming here today. That's Mondaca Vega, 718 F3rd 1075, discussing exactly what is the government's burden of proof in removal proceedings. But the prior decision that is on en banc review relies on two Supreme Court cases explaining how the clear and convincing evidence standard falls between the preponderance of the evidence standard and the beyond a reasonable doubt standard. And so we look to this record here and compare this case with Ruiz Fidel's prior case where in that case the record was silent, if you will, as to a link between his plea and what he was charged with. Here we have him standing up in open court pleading no contest to a lesser included to count one as charged in the complaint. So that provides the necessary connection. So it's really a question of what more is the government required to prove. But also just a simple inquiry into how that operates. Look at how an 11-377 conviction functions within an 11-379 conviction. It's really concentric circles. The prosecutor has to prove the substance. And so when it's charged here to accept that count one is stating the substance him pleading no contest to that which states the substance satisfies the government's burden of proof. Well, if he said  look, I don't want to plead to methamphetamine. I understand that I could I'm accused of a higher crime of sale and I don't want to plead to sale and I don't want to plead to sale of methamphetamine. That wouldn't be a lesser included offense. He said I plead guilty to possession but it was a different substance. Well, he could have negotiated that. No, he did. We don't know whether he did. He obviously left out methamphetamine. He could have negotiated with the prosecutor to admit any reference to the complaint. He didn't have to. He just said I want to plead to a statute to an offense but it wasn't methamphetamine. We don't have any evidence in the record that it wasn't methamphetamine and we don't have any evidence in the record of his negotiations with the prosecutor. Pure law. If he did that is it a lesser included offense or not? You're saying it's not. That would be exactly his prior case. If he stood up in court and said I'm pleading to violating 11-377 that's it. And that is his prior case but we have this I am pleading to 11-377 as a lesser included as charged in count one of the complaint. So we have the link between it. Did he say as charged in count one of the complaint? As charged in is not there. It's a big difference under our law whether he says I'm pleading guilty to a section or I'm pleading guilty to what was charged in a former complaint. He didn't say I'm pleading guilty to what was charged in the former complaint. The judge's question to him, quote, to the lesser included of count one of violation of California health and safety code 11377A what is your plea, sir? No contest. That is the link. But he didn't say I'm pleading guilty as charged in the complaint. I don't see how he didn't. Did he say those words that I'm pleading guilty to count one as charged in the complaint? The quote I just read is exactly how he pled to the lesser included of count one. You didn't read anything that said as charged in the complaint. I'm well over my time. In any events, the government's burden here to prove removability is only by clearing convincing evidence based on this record that establishes the link between the crime as charged in his
judges: Kozinski, Reinhardt, Clifton